# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CRYSTAL GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action Number:** |
| ) | **2:09-cv-0030-AKK** |
| **U.S. STEEL CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a report and recommendation on August 9, 2011, doc. 47, recommending that defendant's motion for summary judgment, doc. 35, be **GRANTED IN PART** and **DENIED IN PART**, in that plaintiff's racial discrimination, gender discrimination, and retaliation claims under Title VII and section 1981, as well as her disability discrimination claim under the ADA, be dismissed; and that plaintiff's motion for summary judgment, doc. 38, be **DENIED**. On August 24, 2011, defendant filed "Objections of United States Steel Corporation to Portion or [sic] Report Regarding Plaintiff's FMLA Claim." Doc. 49. The court will treat such filing as a motion, or, in the alternative, as objections to the magistrate judge's report and recommendation.

The court finds it necessary to address only one argument within defendant's motion. Defendant argues that, "The Court's finding that Jodi Watson ("Ms.

Watson"), U. S. Steel's witness, 'admitted that the information Green provided would possibly have put USS on notice that Green qualifies for FMLA leave' is not an accurate statement of Ms. Watson's testimony." Doc. 49 at 5 ¶ 10. Assuming defendant is correct that the court mischaracterized Ms. Watson's testimony, even without this statement or admission, plaintiff met her burden of showing that a genuine issue of material fact exists as to her claim under the Family Medical Leave Act.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation, as well as defendant's objections to that recommendation, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. To the extent that the defendant's filing of August 24, 2011, doc. 49, is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are **OVERRULED**. To the extent that the defendant's filing, doc. 49, is construed as a motion, it is due to be and hereby is **DENIED**. As a result, defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's racial discrimination, gender discrimination, and retaliation claims under Title VII and section 1981, as well as her disability discrimination claim under

the ADA, are **DISMISSED**.  Additionally, Plaintiff's motion for summary judgment is **DENIED**.  Only plaintiff's FMLA claim remains.

This case is set for a pre-trial conference in the chambers of the undersigned in Birmingham, Alabama on **Tuesday, October 4, 2011**, beginning at **1:30 a.m.**   The attention of counsel is directed to the attached PRE-TRIAL CONFERENCE instructions, which require that counsel submit a proposed Pre-Trial Order at least four business days in advance of their conference.

**DONE** the 6th day of September, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRE-TRIAL DOCKET
HON. ABDUL K. KALLON, PRESIDING

BIRMINGHAM, ALABAMA

This case is set for a pre-trial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. A conference-type hearing will be held in chambers in the Hugo Black Federal Courthouse in Birmingham, Alabama at the time indicated.

The hearing will address all matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pleading motions, and settlement possibilities.

Counsel attending the conference are expected to be well-informed about the factual and legal issues of the case, and to have authority to enter appropriate stipulations and participate in settlement discussions. <u>Counsel appearing at the conference will be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

Promptly upon receipt of this notice, plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not in dispute, at clarifying the parties' contentions (for example, just what is denied under a "general denial") and at negotiating workable procedures and deadlines for remaining discovery matters. <u>At least four (4) business days in advance of the conference, plaintiff's counsel is to submit to chambers (via email at kallon_chambers@alnd.uscourts.gov)a proposed Pre-trial Order in WordPerfect format</u>, furnishing other counsel with a copy. It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be adopted by the court and signed at the close of the hearing.

A sample of a proposed Pre-trial Order is available on the Chamber web site (www.alnd.uscourts.gov/Kallon/Kallonpage) to illustrate the format preferred by the court and also to provide additional guidance and instructions. Each order must, of course, be tailored to fit the circumstances of the individual case.

Counsel drafting this proposed order should consider the utility this document will provide for the litigants, the jury, and the court alike.  The court anticipates using the pretrial order to (1) identify and narrow the legal and factual issues remaining for trial, and (2) provide jurors with the legal and factual context of the dispute.  This order should **not** revisit at length arguments made in previous filings with the court, nor should it serve as another venue for adversarial posturing.  Pretrial orders should be simple, short, and informative.

IN ANY CASE WHERE COUNSEL HAVE ANNOUNCED SETTLEMENT TO THE COURT, A CONSENT JUDGMENT IN SATISFACTORY FORM <u>MUST</u> BE PRESENTED TO THE COURT  <u>PRIOR</u> TO THE SCHEDULED TRIAL DATE; OTHERWISE, THE CASE WILL BE DISMISSED <u>WITH</u> PREJUDICE.