FILED

2012 Sep-26  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CRYSTAL GREEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:09-cv-00030-AKK** |
| **U.S. STEEL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This court held a jury trial in the above styled action from March 5 through

March 7, 2012, and the jury found for Defendant U.S. Steel ("Defendant"). *See*

docs. 84, 85.  Thereafter, Plaintiff Crystal Green ("Plaintiff") filed a Rule 50(a)

Motion for Judgment Notwithstanding the Verdict/Motion for New Trial, doc. 87,

contending that (1) no reasonable jury could have a legally sufficient evidentiary

basis to find for Defendant on the issues of liability or damages in this case, and

(2) the court erred by (a) refusing to charge the jury regarding the applicable

regulations, (b) allowing Defendant to offer improper evidence regarding

Plaintiff's character, and (c) allowing Defendant to offer evidence of Plaintiff's

purported failure to mitigate damages, doc. 87 at 4-5.  These contentions fail to

offer any justification warranting a reversal of the jury verdict or a new trial, and,

1

accordingly, Plaintiff's motion is **DENIED**.

## B.  Plaintiff's Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(a)(1) provides that judgment as a matter of law is appropriate if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Importantly, the court "do[es] not assume the jury's role of weighing conflicting evidence or inferences, or of assessing the credibility of witnesses."  *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1177 (11th Cir. 2005), *aff'd*, 550 U.S. 618 (2007).  In reviewing a motion for judgment as a matter of law, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not *required* to believe."  *Id.* at 151 (emphasis added).  A court will grant a judgment as a matter of law if "reasonable people could not arrive at a contrary verdict," or, in other words, if the nonmovant failed to present enough evidence "such that a *reasonable* jury could find for the nonmovant."  *Ledbetter*, 421 F.3d at 1177 (emphasis in original) (citation omitted).

2

Here, Plaintiff asserts that she is entitled to judgment as a matter of law on the issue of FMLA liability and damages because 1) she suffered a serious health condition, 2) she furnished proper notice, 3) she sustained damages, and 4) the court allowed improper character evidence. *See* doc. 87. The court addresses each contention below.

### 1.      Serious Health Condition

Despite the jury's finding to the contrary, Plaintiff contends that she suffered from a "serious medical condition" because she missed work for eight consecutive days and received treatment from her physician on at least two occasions during the eight day period. Doc. 87 at 5. Plaintiff asserts further that because it is undisputed that her physician "certified that [she] was unable to work from February 11-21, 2008," *id.*, that, as a matter of law, she suffered from "a serious health condition." *Id.* at 6. Consequently, she asserts that the jury erred in finding otherwise and that the court erred in failing to specifically charge the jury, under 29 C.F.R. § 825.115, that anyone who is incapacitated for more than three consecutive days and who sees a doctor for two or more times during this period has a serious health condition.

As the court advised Plaintiff at trial when it rejected Plaintiff's request, 29 C.F.R. § 825.115 is not a new regulation that changed the law. In fact, it existed at

the time the committee drafted the FMLA pattern instructions.  Therefore, if the committee felt § 825.115 warranted specific mention, it would have included it in the pattern charge definition of a serious health condition.  However, there was no need to include this specific language in the pattern charge because the charge clearly states that a flu illness with "complications" can, in fact, qualify as a serious health condition.  Complications can, of course, include a long period of incapacitation and multiple visits to a physician.  Therefore, a court does not need to include the specific language of § 825.115 in the charge in order for a plaintiff to establish that she has a serious health condition.  In contrast, including the language can lead to error because, while a serious medical condition can involve incapacitation and multiple hospital or doctor visits, not everyone who misses work for more than three days and who visits the doctor twice during that period has a serious health condition.  Rather than endorsing Plaintiff's theory by including the § 825.115 language in the jury charge, the court opted instead to use the standard pattern charge and to leave it to the jury to decide whether Plaintiff had a serious health condition based on the evidence presented.

Moreover, the failure to charge the jury on § 825.115 resulted in no prejudice to Plaintiff.  Counsel for Plaintiff utilized § 825.115 during cross examination of witnesses and in closing.  Significantly, counsel for Plaintiff

4

projected the language on the court's electronic monitors and the jury read along with counsel on multiple occasions.  Using this regulation as a backdrop, counsel for Plaintiff argued vigorously that Plaintiff suffered from a serious medical condition and presented evidence to the jury about her condition, including Plaintiff's own testimony about the alleged "complications" she suffered, the number of days she was incapacitated, and the number of visits she made to the doctor.  Put differently, the jury had all the information it needed – including Plaintiff's theory of why she believed her flu illness qualified as a serious heath condition – to reach a decision.

After reviewing the evidence, the jury disagreed with Plaintiff and found that her flu illness did not have the "complications" necessary to transform it to a serious medical condition.  While Plaintiff is free to disagree with the verdict, it is simply not this court's role to second guess the jury and substitute its own judgment, or Plaintiff's, for that of the jury.  *Browning-Ferris Indus. of Vermont, Inc., v.  Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989) ("It is not [the court's] role to . . . substitute [its] judgment for that of the jury").  Accordingly, in line with the jury verdict, the court finds that, based on the evidence presented at trial, a reasonable jury could find that Plaintiff's flu illness did not constitute a "serious health condition."

### 2.    Notice of Leave

Plaintiff contends next that "[t]he evidence undisputedly established that [Plaintiff] took 'unexpected or unforeseeable leave,' and gave [Defendant] notice of her 'need for leave as soon as practicable under the facts and circumstances of the particular case.'"  Doc. 87 at 10.  This contention misses the mark because when the jury found that Plaintiff's flu did not constitute a serious health condition, the jury did not need to determine whether Plaintiff gave proper notice of her leave.  *See* doc.  84.  Indeed, the jury left this question blank on the special interrogatories.  *Id*.

### 3.    Mitigation and Character Evidence

Finally, Plaintiff argues that she is entitled to judgment as a matter of law on the issue of FMLA damages because "any issues regarding mitigation were not properly before the court and should not have been allowed to go to the jury," doc. 87 at 20, and, relatedly, that "the court allowed [Defendant] to go into a general quest to establish that [Plaintiff] was a bad employee that missed numerous days of work leading up to her termination." Doc. 87 at 21.  Plaintiff asserts further that "[s]uch evidence was inadmissible character evidence under FRE 404(b), and served no purpose, other than to prejudice the jury against [Plaintiff]."  *Id*.

The court disagrees that it allowed Defendant to go into a "general quest" to

establish Plaintiff's bad character.  To the contrary, the court allowed Defendant to
question Plaintiff about her attendance record because Plaintiff placed her
attendance in issue by filing a retaliation claim.  While Plaintiff may disagree,
Defendant has a right to articulate nondiscriminatory reasons for the employment
action Plaintiff challenged.  *See, e.g., Lee v. U.S. Steel Corp.*, 450 F. Appx. 834,
838 (11th Cir. 2012) ("an employee bringing a retaliation claim faces the increased
burden of showing that his employer's actions were motivated by an
impermissible retaliatory or discriminatory animus").  Here, Defendant claimed,
and the jury agreed, that it discharged Plaintiff because she violated a last chance
agreement ("LCA") she received for excessive absenteeism.  To lay the predicate
for the LCA and for the subsequent decision to discharge Plaintiff, the court
allowed Defendant to introduce evidence about Plaintiff's absences, and, by
extension, afforded Plaintiff an opportunity to explain her absences to the jury and
to argue further that Defendant retaliated against her.  In light of Plaintiff's
retaliation claim, there was nothing improper or unduly prejudicial about the court
allowing evidence about Plaintiff's attendance history.

     Likewise, as it relates to damages evidence, Defendant had no guarantee
that the jury would find in its favor.  Moreover, if the jury had found for Plaintiff,
it would have addressed Plaintiff's request for damages.  While Plaintiff is correct

that the amount she earned after her discharge was not in dispute, that does not mean that Plaintiff could not have earned more.  For that reason, a court must afford a defendant an opportunity to present evidence on an alleged failure to mitigate.  As the pattern jury charge states, "you are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to 'mitigate' those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage." 11th Cir.  Pattern Charge 1.1; Doc.  83 at 12.  In other words, Defendant had a right to show a purported failure to mitigate and argue that Plaintiff could have earned more with subsequent employers, but for her alleged ongoing attendance issues.

For all these reasons, Plaintiff's motion for judgment notwithstanding the verdict is **DENIED**.

**C.    Plaintiff's Motion for a New Trial**

Alternatively, Plaintiff asserts that she is entitled to a new trial because the court erred by 1) failing to give her requested jury charges, 2) improperly interjecting during the cross-examination of Defendant's corporate representative, and 3) improperly admitting character and mitigation evidence.  Doc. 87 at 25.  The character and mitigation evidence contention is identical to Plaintiff's

argument for judgment notwithstanding the verdict.  For the reasons stated in section (B)(3), *supra*, Plaintiff's motion for a new trial, as it relates to character and mitigation evidence, is **DENIED**.

A court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  However, "[a] judge should grant a motion for a new trial [only] when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice."  *Johnson*, 227 F. App'x at 782 (internal quotation marks and citation omitted).  "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence."  *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001).  Plaintiff failed to make such a showing.

### 1.   Jury Charge

Plaintiff alleges that the court erred by failing to include her requested charges 3, 4, 10-16, 17, and 19 in the jury charge: (1) requested charge 3, which stated, in part, that "the employer bears the responsibility of determining whether an employee's leave request is covered by the Act and must notify the employee

9

accordingly," doc. 79 at 3; (2) requested charge 4, which provided that "[i]f the employer lacks sufficient information to determine whether an employee's leave qualifies under FMLA, the employer should inquire further in order to ascertain whether the FMLA applies," *id*.; (3) requested charge 17, which explained what additional notices employers must provide to employees under FMLA, *id*. at 9-10; (4) requested charge 19, which explained when an employee must provide medical certification to support FMLA leave, *id*. at 13; and (5) as to requested charges 10-16, that the court "erred in refusing to charge the jury regarding the applicable regulations under 25 C.F.R. § 825, and as a result thereof, the jury erred in finding that [Plaintiff] did not suffer from a serious health condition. (Supplemental Requested Charges 10-16)," doc. 87 at 6; *See* doc. 87 at 6, 21.

Plaintiff's reliance on the "notice" charges (3, 4, 17 and 19) as a basis to argue for a new trial is misplaced because the jury decided this case on the serious health condition issue. Moreover, the court gave the 11th Circuit Pattern Jury Instruction for FMLA claims, which, among other things, includes the definition of notice:

> Plaintiff must prove by a preponderance of the evidence . . . that she gave Defendant proper notice. If the Plaintiff's need for leave was foreseeable . . . the Plaintiff is required to provide not less than thirty days notice of the date the leave is to begin and of the Plaintiff's intention to take such leave. Should the circumstances require leave to

> begin in less than thirty days, the Plaintiff is required to provide such
> notice as practicable. The notice by Plaintiff must be sufficient for the
> Defendant to reasonably expect that the absence might qualify as the
> type of leave provided for under the FMLA. However, the Plaintiff is
> not required to mention the Act in giving notice of the need for leave.

Doc. 83 at 10. Therefore, on the notice issue, Plaintiff's contention is without

merit.

Likewise, Plaintiff's assertion that the court refused to charge the jury on

what constitutes a "serious heath condition" is also a misstatement of the court's

actual charge and the law. Again, the court's charge defined "serious health

condition":

> Plaintiff must prove by a preponderance of the evidence . . . that she
> suffered from a serious health condition. This serious health condition
> must have prevented the Plaintiff from performing the functions of her
> job. The term 'serious health condition' means an illness, injury,
> impairment, or physical or mental condition that involves either
> inpatient care in a hospital, hospice or residential medical facility or
> continuing treatment by a healthcare provide. Ordinarily, unless
> complications arise, the common cold, the flu, ear aches, upset stomach,
> minor ulcers, headaches other than migraine, routine dental or
> orthodontia problems, periodontal disease, etc., are examples of
> conditions that do not meet the definition of a serious health condition
> and do not qualify for FMLA leave.

Doc. 83 at 9. Notably, Plaintiff's requested charges 10 and 13 are almost identical

to the court's language defining a "serious health condition." *See* doc. 79 at 5-8.

Moreover, the court's failure to include requested charges 11, 12, 14, 15, and 16 is

not prejudicial because the jury charge included the appropriate law for the jury to adequately consider the facts and apply them to the FMLA. Ultimately, Plaintiff's dissatisfaction stems from the court's refusal to charge the jury with additional language that would have supported and endorsed her case, rather than a failure by the court to charge the jury on the applicable law. Unfortunately for Plaintiff, where, as here, "the jury instructions accurately reflect the law," the Eleventh Circuit is clear that this court should not disturb the jury instructions unless, taken as a whole, the instructions are erroneous or prejudicial. *Specialized Transp. of Tampa Bay*, 356 F. App'x at 226-227 (citation omitted). In light of Plaintiff's failure to make the applicable showing of error or prejudice, the court declines to disturb the jury verdict.

Finally, as stated previously, the court's failure to include the requested charges did not prejudice Plaintiff. The court allowed Plaintiff ample opportunity to present evidence to the jury regarding the FMLA regulations. In fact, Plaintiff projected the applicable regulations on the screens for the jury to read while listening to Plaintiff's theory that she satisfied the applicable language. Thus, the jury had sufficient FMLA regulatory language to make a reasonable decision with regard to its verdict. Ultimately, although Plaintiff repeatedly subjected the jury to her arguments that her flu illness qualified as a serious health condition because

12

she missed work for at least three days and saw a doctor twice, the jury disagreed. Doc. 84 at 1.  The jury's finding against Plaintiff, however, does not mean that the court misstated the law.  Therefore, Plaintiff's motion for a new trial is **DENIED**.

## 2.   Court's Ruling on Objection to Questions Posed to Defendant's Corporate Representative

Finally, Plaintiff contends that the court improperly intervened "during the plaintiff's examination of the Defendant's designated corporate representative, stating in the presence of the jury that it was 'unfair' to expect that Ms. [Jodi] Watson . . . would be familiar with the specifics of the regulations that she was being questioned about."  Doc. 87 at 15.  Plaintiff claims that this statement misled the jury and prejudiced her because the statement likely lead the jury to conclude that "counsel was being unfair or asking the defendant's witness an unfair question regarding the applicable regulations," and "it would be unfair to think or find that the defendant had a duty to know the regulations or to hold the defendant responsible for not knowing and following the regulations."  *Id.* at 16.  Plaintiff's contention is unavailing, in part, because it ignores the court's concurrent acknowledgment that Plaintiff had made her point.  While no individual can, in fact, be expected to have intimate familiarity with hundreds of regulations, that however does not diminish the effective point Plaintiff made on cross that she

13

satisfied § 825.115.  Significantly, over Defendant's objection, the court allowed

Plaintiff to question the witnesses, including the corporate representative Jodi

Watson, extensively on the regulation, to show the regulation to the jury, and to

argue that she had a serious heath condition based on the language in the

regulation.  No single comment by the undersigned, even when taken in isolation,

can diminish the effective points Plaintiff made on this issue during her

examination of Defendant's witnesses.  Therefore, the court **DENIES** Plaintiff's

motion for a new trial.

     Plaintiff's motion fails also because the court instructed the jury in its

charge to disregard the court's comments in reaching its verdict:

> Remember that anything the lawyers say is not evidence in the case.
> And except for my instructions to you on the law, you should disregard
> anything I may have said during the trial in arriving at your decision
> concerning the facts.  It is your own recollection and interpretation of
> the evidence that controls. [. . .] It is proper to add a final caution.
> Nothing I have said in these instructions – and nothing I have said or
> done during the trial – has been said or done to suggest to you what I
> think your verdict should be.  What the verdict shall be is your exclusive
> duty and responsibility.

Doc. 83 at 3, 14-15.  To the extent the court erred by telling counsel he was being

unfair to the witness, the court cured the error with its instructions.

     Finally, the court  denies the motion also because the court intervened to

control the proceedings.  "The scope and extent of cross-examination is within the

sound discretion of the trial judge." *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1477 (11th Cir. 1984) (quoting *U.S. v. Phelps*, 733 F.2d 1464, 1471 (11th Cir. 1984)). "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Civ. P. 611(a). Consistent with the court's role, the court interjected because Plaintiff had already extensively examined  Ms. Watson about her knowledge as it pertains to the FMLA regulations and counsel had made his point repeatedly and effectively that based on the language of § 825.115, Plaintiff's flu qualified as a serious health condition.  While counsel is obviously entitled to zealously advocate, he cannot, however, harass or embarrass a witness by seeking to prove that the witness is ignorant of FMLA regulations, nor can counsel waste the court's time by excessively repeating the same point.

In the final analysis, Plaintiff's motion for a new trial fails because Plaintiff failed to make a clear showing of prejudice. *See Haney*, 744 F.2d at 1478 (citing *Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981)).  While Plaintiff contends that the "jury likely concluded" from the court's statement that counsel was being unfair, doc. 87 at 16, speculation is insufficient to warrant a new trial.

Therefore, Plaintiff's motion for a new trial is **DENIED**.

## <u>CONCLUSION</u>

In sum, for the reasons stated above, Plaintiff's Motion for Judgment Notwithstanding the Verdict/Motion for New Trial is **DENIED**.

**DONE** and **ORDERED** this 26th day of September, 2012.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

16